**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

LARRY LESPIER,

                Plaintiff,

vs.                                         Case No. 2:06-cv-87-FtM-34SPC

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security
Administration,

                Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 22; Report and Recommendation), entered January 16, 2007, recommending that the Commissioner of Social Security's (the Commissioner's) decision be affirmed. Plaintiff filed objections to the Report and Recommendation on January 29, 2007. See Plaintiff's Objections to the Report and Recommendation (Dkt. No. 23; Objections). The Commissioner filed a response to the Objections on February 7, 2007. See Response to Plaintiff's Objections to Report and Recommendation of Magistrate (Dkt. No. 24).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If specific objections

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

to findings of facts are timely filed, the district court will conduct a de novo review of those facts.  Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

The Commissioner's final decision may be reviewed by a district court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  It is well established, however, that review is limited to "whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam); see also Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam); Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam).  Review does not include "deciding the facts anew, making credibility determinations, or re-weighing the evidence."  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); see also Dyer, 395 F.3d at 1210.

The undersigned has conducted an independent examination of the record and Plaintiff's objections.  Upon de novo review, the Court will overrule the objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.  However, before doing so, the Court will address Plaintiff's objection to the Report and Recommendation based upon his claim that the Administrative Law Judge (ALJ) failed to summarize the off-the-record discussions as required by the Hearings, Appeals and Litigation Law Manual (HALLEX) provision I-2-6-40, and therefore, created an incomplete record warranting remand.[2]  See Objections at 1-13.

---

[2] HALLEX provision I-2-6-40 provides that the ALJ "must make a complete record of the hearing proceedings.  Therefore, the ALJ or designee will make a verbatim recording of the entire hearing. This is the official record of the proceeding. If a question arises during the course of a hearing that is not relevant to the issues in the claimant's case, the ALJ may decide to discuss and resolve it off-the-record. However, the ALJ must summarize on the record the content and conclusion of any off-the-
(continued...)

In the Report and Recommendation, the Magistrate Judge relied on Moore v. Apfel, 216 F.3d 864, 868-69 (9th Cir. 2000), for the proposition that "HALLEX[,] like all administrative manuals[,] lacks the legal authority to bind the ALJ." See Report and Recommendation at 13. Plaintiff objects to this finding because Moore is not binding authority and further contends that the Court should consider a contrary conclusion that was reached by the Fifth Circuit in Newton v. Apfel, 209 F.3d 448, 459-60 (5th Cir. 2000). See Objections at 4-5. Plaintiff also asserts that the HALLEX provision at issue in this case merely interprets a binding Federal Regulation,[3] so even under Moore, the provision has the force and effect of law. See id. at 6.

Initially, the Court notes that the purpose of HALLEX is to convey "guiding principles, procedural guidance and information . . . . It also defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council and Civil Actions levels." HALLEX I-1-0-1. While the Eleventh Circuit Court of Appeals has not explicitly considered the question of whether HALLEX provisions are binding in this Circuit, the fact that the court has previously determined the Social Security Administration's Program Operations Manual System does not have the force of law, see Stroup v. Barnhart, 327 F.3d 1258, 1262 (11th Cir. 2003), provides support for the conclusion that HALLEX provisions should not be considered binding, see E.E.P. ex rel. Palmer v. Barnhart, No. 03-246-P-C, 2004 WL 1529262, at *2 (D. Me. June 24, 2004).

---

[2](...continued)
record discussion."

[3]   Specifically, 20 C.F.R. §§ 404.951 and 416.1451, which provide, in part, "[t]he administrative law judge shall make a complete record of the hearing proceedings."

Nevertheless, even were the Court to follow Newton, remand would not be appropriate in this case.

In Newton, the Fifth Circuit noted that "[w]hile HALLEX does not carry the authority of law, . . . 'where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required.'" 209 F.3d at 459 (quoting Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. Sept. 1981) (per curiam)). The court further concluded that, only where an individual is prejudiced by the violation, must the decision be reversed. Id. In this case, Plaintiff has not shown that he was prejudiced by the ALJ's failure to summarize the off-the-record discussions. While Plaintiff speculates as to what may have been said during the off-the-record discussions, i.e., whether to reopen Plaintiff's prior application, Plaintiff's complaints of pain, and a suggestion of a favorable decision, see Objections at 8-11, the Court finds that Plaintiff's mere conjecture of what may have happened off-the-record has not established prejudice. Further, during the hearing, Plaintiff's attorney did not object to the off-the-record discussions, stated that he had no further questions for Plaintiff, and was given the opportunity to make a closing statement. See Tr.[4] at 385-86. Thus, the Court finds that Plaintiff has failed to establish that he was prejudiced by the ALJ's failure to summarize the off-the-record discussions.

With regard to Plaintiff's assertion that, even pursuant to the Ninth Circuit's Moore decision, the ALJ's failure to follow HALLEX provision I-2-6-40 requires remand because it merely defines what constitutes a "complete record" pursuant to the Federal Regulations,

---

[4] Transcript of Administrative Proceedings (Dkt. No. 12; Tr.), filed May 2, 2006.

see Objections at 6, the Court is again unpersuaded. The Moore court found that a HALLEX provision, standing alone, does not have the force and effect of law. See 216 F.3d at 868-69. In so finding, that court noted that it had previously determined that remand was appropriate where an ALJ violated a Federal Regulation as interpreted by a HALLEX provision, but clarified that, as agency manuals lack the force of law and are not entitled to Chevron[5] deference, "a provision of HALLEX would not be binding simply because it interprets a binding Federal Regulation or statute." Moore, 216 F.3d at 869 & n.2 (quoting Christensen v. Harris County, 529 U.S. 576, 587, 120 S.Ct. 1655, 1662-63, 146 L.Ed.2d 621 (2000)). Applying this analysis to the instant case, to the extent the provision at issue interprets 20 C.F.R. §§ 404.951 and 416.1451, the Court finds that the requirement that the ALJ summarize all off-the-record discussions goes beyond that required by the Regulations and, therefore, is not binding. Indeed, a record as a whole is incomplete only if Plaintiff is prejudiced by "gaps in the evidence." See Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997) (per curiam). Here, as explained above and by the Magistrate Judge, see Report and Recommendation at 13-15, Plaintiff has not demonstrated that he was prejudiced by gaps in the evidence, and therefore, remand is not warranted in this case.

In light of the foregoing, it is hereby **ORDERED**:

1) Plaintiff's Objections to the Report and Recommendation (Dkt. No. 23) are **OVERRULED**.

---

[5] See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed. 694 (1984).

2) The Magistrate Judge's Report and Recommendation (Dkt. No. 22) is **ADOPTED** as the opinion of the Court.

3) The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision and to close the file.

**DONE AND ORDERED** in Chambers, this 27th day of March, 2007.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc2

Copies to:

The Honorable Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record